UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **LAREDO VAPOR LAND, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:19-CV-138** |
| | § | |
| **THE CITY OF LAREDO, TEXAS** | § | |
| **JOHN PORTER and VICTOR LINARES,** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER
<u>TO PLAINTIFF'S ORIGINAL STATE COURT PETITION</u>**

TO THE HONORABLE MAGISTRATE JUDGE:

NOW COMES, Defendants City of Laredo, Texas, John Porter and Victor Linares (collectively referred to herein as Defendants), Defendants in the above styled and numbered case, and file their First Amended Original Answer to Plaintiff's Original State Court Petition and would respectfully show unto this Honorable Court as follows:

## 1. ADMISSIONS AND DENIALS

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants plead as follows concerning the averments in Plaintiff's Original Petition:

Defendants admit that Laredo Vapor Land, LLC, is the Plaintiff and that it is suing for injuries and damages. Defendants deny Plaintiff is entitled to any relief sought.

## I.
## <u>DISCOVERY LEVEL</u>

1.    Defendants deny the factual allegations, if any, in this paragraph.  The Texas Rules of Civil Procedure no longer apply after removal of this case to federal court.

## II.
## PARTIES

2.      Defendants admit the allegations in this paragraph.

3.      Defendants admit the allegations in this paragraph.

4.      Defendants deny John Porter is liable in his personal capacity, but admit the remaining allegations in this paragraph.

5.      Defendants deny Victor Linares is liable in his personal capacity and that he is currently head of the City's Building Department, but admit the remaining allegations in this paragraph.

## III.
## RULE 47 STATEMENT

6.      Defendants deny Plaintiff is entitled to the monetary relief sought.  Further, the Texas Rules of Civil Procedure no longer apply after removal of this case to federal court.

## IV.
## JURISDICTION AND VENUE

7.      Defendants admit this Court has jurisdiction over this matter because the case presents a federal question.  Defendants deny the remaining factual allegations, if any, in this paragraph.

8.      Defendants admit the allegations in this paragraph.

## V.
## FACTUAL BACKGROUND

9.      Defendants admit the first sentence of this paragraph.  Defendants deny the second sentence of this paragraph.

10.     Defendants admit there was a meeting with John Porter at the beginning of the project.  Defendants admit John Porter, Victor Linares, Rene Garza, and Gilberto Gonzalez were present at least one meeting concerning the project.  Defendants admit a matter discussed at a meeting was that any development must be capable of handling the existing drainage flow from the north as required by the City's stormwater ordinance. Defendants are without knowledge or information sufficient to form a belief as to precisely when these meetings occurred or to the identity of any person present other than those noted above.  Defendants admit there were drainage issues in the subdivision to the north and that the City of Laredo purchased a drainage easement across a lot immediately to the north of Plaintiff's property.  Defendants deny the remaining allegations in this paragraph.

11.     Defendants admit Plaintiff's representatives were informed that any development on the property had to be capable of handling the existing drainage flow from the north as required by the City's stormwater ordinance.  Defendants admit they never provided Mr. Gonzalez with any specifications or information on how much water would be coming onto the property from upstream.  Defendants admit the City accepted the only drainage plan submitted by Plaintiff's engineer, Mr. Gonzalez.  Defendants are without knowledge or information sufficient to form a belief as to the number of calculations Mr. Gonzalez made or why he designed the drainage improvements which were eventually constructed.  Defendants deny the remaining allegations in this paragraph.

12.     Defendants deny the City or any of its officials or employees made any demand regarding or required any changes to the drainage plans which were designed by Plaintiff's engineer and eventually approved by the City.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

13.     Defendants deny the City or any of its officials or employees made any demand regarding or required any changes to the drainage plans which were designed by Plaintiff's engineer and eventually approved by the City.  Defendants deny that any delays the project experienced can be attributable to the City or any of its officials or employees.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

14.     Defendants admit the first sentence of this paragraph.  Defendants deny the remaining allegations in this paragraph.

15.     Defendants deny the allegations in this paragraph.

## VI.
## CAUSES OF ACTION
*COUNT 1*
(The City)

16.     **FIFTH   AND   FOURTEENTH   AMENDMENTS   TO   THE   U.S. CONSTITUTION:**  Defendants respond to the allegations Plaintiff incorporates into the first sentence of this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this sentence by reference. Defendants deny the remaining allegations in this paragraph.

*COUNT 2*
(The City, Porter & Linares)

17.     **42 U.S.C. §1983:**  Defendants respond to the allegations Plaintiff incorporates into the first sentence of this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this sentence by reference. Defendants deny the remaining allegations in this paragraph.

*COUNT 3*
(The City)

18.    **TEXAS CONSTITUTION ARTICLE 1 § 17:**    Defendants respond to the allegations Plaintiff incorporates into the first sentence of this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this sentence by reference.  Defendants deny the remaining allegations in this paragraph.

*COUNT 4*
(The City)

19.    **TEXAS CONSTITUTION ARTICLE 1 § 17:**    Defendants respond to the allegations Plaintiff incorporates into the first sentence of this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this sentence by reference.  Defendants deny the remaining allegations in this paragraph.

## VII.
## WAIVER OF IMMUNITY

20.    Defendants respond to the allegations Plaintiff incorporates into the first sentence of this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this sentence by reference.  Defendants deny the remaining allegations in this paragraph.  In addition, the Texas Real Property Rights Preservation Act does not apply to decisions or actions taken by the City concerning property within its corporate limits.  Tex. Gov't Code Ann. § 2007.003(a)(3), (b)(1) (West).

21.     Defendants deny the allegations in this paragraph.

## VIII.
## ATTORNEY'S FEES AS DAMAGES

22.    Defendants deny Plaintiff is entitled to attorney's fees.

## IX.
## JURY DEMAND

23.      Defendants deny Plaintiff is entitled to a jury trial.

## X.
## CONDITIONS PRECEDENT

24.      Defendants deny the allegations in this paragraph.

## XI.
## PRAYER

Defendants deny the allegations in this paragraph or any of its subparts and further deny

Plaintiff is entitled to any of the relief sought or requested.

## 2.  AFFIRMATIVE DEFENSES

2.01.  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the City asserts and

affirmatively pleads that it is absolutely immune from liability to Plaintiff under the common law

doctrine of sovereign or governmental immunity, or in the alternative, under the doctrine of

governmental immunity as codified in the Texas Tort Claims Act, Chapter 101of the Texas Civil

Practice & Remedies Code, to the extent applicable.

2.02.  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Porter and Linares, to

the extent they are sued in their official capacity, assert and affirmatively plead that they are

absolutely immune from suit and liability to Plaintiff under the common law doctrine of sovereign

or governmental immunity, or in the alternative, under the doctrine of governmental immunity as

codified in the Texas Tort Claims Act, Chapter 101, Texas Civil Practice & Remedies Code, to

the extent applicable.

2.03.  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Porter and Linares

assert and affirmatively plead that at all times relevant to this suit they were performing

discretionary duties within the course and scope of their authority as employees of the City, and

that their actions were objectively and subjectively reasonable and performed in good faith.  They are thus entitled to and plead official immunity as to Plaintiff's state law claims to the extent applicable.

2.04.  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the City asserts and affirmatively pleads that to the extent Porter and Linares have official immunity, the City enjoys derivative immunity to the extent applicable.

2.05.  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Porter and Linares, to the extent that they are sued in their individual capacities, assert and affirmatively plead that when they were performing the functions as stated in Plaintiff's Original Petition, they were engaged in the good faith performance of discretionary duties, that these decisions were within the course and scope of their duties as directors of the Environmental Services and Building Departments of the City, respectively, and that their actions were objectively reasonable in light of clearly established law.  They are therefore entitled to qualified immunity with respect to Plaintiff's federal claims.

2.06.  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert Plaintiff has failed to meet all conditions required prior to the filing of this suit, including, but not limited to, the provisions of notice to the City under Section 1.07 of the City Charter of the City.

2.07. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert that in the event it is found the City did impose a precise condition on Plaintiff's development it will show: (1) that there is a legitimate governmental purpose to support the imposition of the condition; (2) there is an essential nexus between the legitimate governmental and the condition; and (3) there is rough proportionality between the condition imposed and the impacts of the Plaintiff's development.

### 3.  REQUEST FOR RELIEF

3.01.  For the reasons stated, Defendants request that Plaintiff take nothing by its suit, and that Defendants recover all costs, and attorney's fees, together with such other and further relief to which they may be justly entitled.

Respectfully submitted,

William M. McKamie
Texas Bar No. 13686800
Southern Dist. I.D. No. 13010
Email: mmckamie@toase.com
**Taylor, Olson, Adkins,**
    **Sralla & Elam, L.L.P.**
13750 San Pedro Avenue, Suite 555
San Antonio, Texas 78232
Telephone No. (210) 546-2122
Facsimile No. (210) 546-2130

Fredrick "Fritz" Quast
Texas Bar No. 24032974
Southern Dist. I.D. No. 3327433
Email: fquast@toase.com
Lindsey Hale
Texas Bar No. 24096435
Southern Dist. I.D. No. 3499360
Email: lhale@toase.com
**Taylor, Olson, Adkins,**
    **Sralla & Elam, L.L.P.**
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Telephone No. (817) 332-2580
Facsimile No. (817) 332.4740

**ATTORNEYS FOR DEFENDANTS**
**CITY OF LAREDO, TEXAS, JOHN**
**PORTER AND VICTOR LINARES**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on April 16, 2021, a true and correct copy of the above and foregoing document was forwarded via e-mail through Electronic Case Filing System, to counsel of record:

Armando X. Lopez
Law Offices of Armando X. Lopez
1510 Calle Del Norte, Suite 16
Laredo, Texas 78041
(Tel) 956-726-0722
(Fax) 956-726-6049
SBN: 12562400
[mandox@bravo.net](mailto:mandox@bravo.net)

**ATTORNEY FOR PLAINTIFF**
**LAREDO VAPOR LAND, LLC**

                                                    _____
                                                    Fredrick "Fritz" Quast